UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENESEE COUNTY 9-1-1 CONSORTIUM,

    Plaintiff,

v.                                               Case No.:

TYLER TECHNOLOGIES, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

To:  Clerk of the Court               Anthony K. Chubb, Esq.
      Eastern District of Michigan      Attorney for Plaintiff
                                          Giarmarco, Mullins & Horton, PC
                                          101 West Big Beaver Road, 10th Floor
                                          Troy, Michigan 48084-5280
                                          schubb@gmhlaw.com

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant") hereby removes the above-titled action, Case No. 23-119318-CK, from the Circuit Court of the State of Michigan for the County of Genesee ("the State Court Action") to the United States District Court for the Eastern District of Michigan. Tyler provides the following short and plain statement on the grounds for removal:

49061566.1

## I. JURISDICTION

1. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be removed to this Court by Tyler pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II. PROCEDURAL HISTORY

2. On July 25, 2023, Plaintiff Genesee County 9-1-1- Consortium ("Genesee" or "Plaintiff") filed an verified complaint for money damages and demand for trial by jury (the "Complaint") against Tyler in the State Court Action, titled *Genesee County 9-1-1- Consortium vs. Tyler Technologies, Inc.*

3. Plaintiff served Tyler with a copy of Summons and Complaint on July 27, 2023. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1**. The Summons and Complaint attached hereto as **Exhibit 1** constitute all the process, pleadings, and orders served upon Defendant. *See* 28 U.S.C. § 1446(a).

### III. CITIZENSHIP OF THE PARTIES

4. In the Complaint, Plaintiff alleges that it "is a Michigan organization, with its principal place of business in Genesee County, Michigan." Complaint, ¶ 1. Thus, Plaintiff is a citizen of the State of Michigan.

5. Tyler was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas. Complaint, ¶ 2. Tyler is therefore a citizen of Delaware and Texas, but not a citizen of Michigan. *Cf.* 28 U.S.C. §§ 1332(c)(1).

6. No other defendants have been named or served in the State Court Action.

7. Plaintiff is a citizen of the State of Michigan. Tyler is a citizen of Delaware and Texas and is not a citizen of the State of Michigan. Accordingly, complete diversity of citizenship exists between Plaintiff and Tyler both as of the time the action was commenced in state court and as of the time of this removal.

### IV. AMOUNT IN CONTROVERSY

8. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9. Tyler can establish the necessary amount in controversy based on the allegations in the Complaint, or by setting forth facts in the notice of removal that

3

49061566.1

demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *See Bay City Realty LLC v. Mattress Firm, Inc.*, CIV. 14-4757 RHK/JJK, 2020 WL 4696593, at *2 (E.D. Mich. Aug. 13, 2020) ("'A defendant removing a case has the burden of proving the diversity jurisdiction requirements,' and the amount in controversy is determined 'as of the time of removal.'") (quoting *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000)).

10. The Complaint alleges six causes of action: (1) Breach of Contract; (2) Breach of Express Warranty; (3) Unjust Enrichment; (4) Fraud in the Inducement; (5) Fraud; and (6) Conversion. Each cause of action is rooted in Plaintiff's allegations that Tyler failed to provide a county-wide emergency dispatch system, law enforcement records management system, and other related systems pursuant to a Licensing & Services Agreement (the "Agreement"). Complaint, ¶¶ 5 [the first paragraph 5], 6 [the second paragraph 6], 14 and Exhibit 1 thereto.

11. As detailed in the Complaint, Plaintiff repeatedly claims it has been damaged in the amounts exceeding $1,339,000.00. *See, e.g.*, Complaint, ¶ 41 ("As a result of Tyler's material breach, 911 has been damaged in an amount exceeding $1,339,000.00, exclusive of contractual and statutory interest, and other damages and expenses resulting from the actions described above, to which 911 is

entitled."); ¶ 65 ("The total sum wrongfully invoiced by Tyler, and paid by 911, exceeds $1,339,000.00."); ¶ 102 ("As a result of the foregoing, 911 is entitled to repayment of wrongfully invoiced amounts in excess of $1,339,000.00, as well as exemplary damages."). Although Tyler denies all liability alleged in the Complaint, the amount in controversy exceeds $75,000 given the amount at issue in the Agreement that Plaintiff seeks to enforce and the amount Anoka has paid to date.

12. In addition, Plaintiff seeks fees and costs associated with this action. Complaint, ¶ 106. While Tyler denies that attorneys' fees and costs are recoverable, these fees may be included when calculating the amount in controversy. *See Haggard v. Allstate Property and Casualty Insurance Company*, No. 13-12779, 2013 WL 12181716, at *2 (E.D. Mich. Sept. 12, 2013) ("Although generally 'attorneys' fees are excludable in determining the amount in controversy,' such fees can be considered when 'the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees.'") (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007))).

13. Therefore, although Tyler denies all liability alleged in the Complaint, the amount in controversy exceeds $75,000.

14. For these reasons, removal is appropriate and proper.

5

49061566.1

## V.   REMOVAL PROCEDURE

15.   **The Removal Venue is Proper.**  Removal to the United States District Court for the Eastern District of Michigan is proper because the Complaint was filed in the Circuit Court of the State of Michigan for the County of Genesee, which is located within the jurisdiction of this District.  28 U.S.C. §§ 1446(a); 1441(a).

16.   **The Removal is Timely.**  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff serving Defendant with the initial pleading on July 27, 2023.

17.   **No Previous Removal.**  No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

18.   **Amendment Rights Reserved.**  Tyler reserves the right to amend or supplement this Notice of Removal.

19.   **Notice to Plaintiff and State Court.**  Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Circuit Court of the State of Michigan for the County of Genesee and will serve that notice on Plaintiff.  A copy of the notice to be filed in state court is attached (without corresponding exhibits) as **Exhibit 2**.

**WHEREFORE**, Plaintiff's Complaint is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant respectfully prays that this

6

action hereby be removed from the Circuit Court of the State of Michigan for the County of Genesee, to the United States District Court for the Eastern District of Michigan, and respectfully requests this Court proceed with the matter as if it had been filed originally herein.

Dated:  August 15, 2023    HONIGMAN LLP

By: */s/ Raechel T.X. Conyers*
   Raechel T.X. Conyers (P80156)
   2290 First National Building
   660 Woodward Avenue
   Detroit, Michigan 48226-3506
   Telephone: (313) 465-8174
   Facsimile: (313) 465-8175
   E-mail:  rconyers@honigman.com


**K&L GATES LLP**
Beth W. Petronio (TX #00797664)
(*pro hac vice* application forthcoming)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5500
Fax: (214) 939-5849
E-mail: beth.petronio@klgates.com

**ATTORNEYS FOR DEFENDANT TYLER TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.  Copies of the same have been sent via e-mail and First-Class mail to Plaintiff's counsel.

/s/ Raechel T.X. Conyers
Raechel T.X. Conyers (P80156)
rconyers@honigman.com

49061566.1